UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Dawnyell Flynn,<br><br>                    Plaintiff,<br><br>     v.<br><br>NDOC, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-00083-CDS-DJA<br><br>**Order** |

Before the Court is Plaintiff Dawnyell Flynn's *ex parte* motion for appointment of counsel (ECF No. 24), motion for leave to file an amended complaint (ECF No. 25), and motion to extend time (ECF No. 33). Because Plaintiff is now represented by counsel, the Court denies her *ex parte* motion for appointment of counsel as moot. Because certain of Plaintiff's proposed amendments are futile, while others are not, the Court grants in part and denies in part Plaintiff's motion to amend her complaint. Because Plaintiff has shown good cause, the Court grants her motion to extend time to serve Defendant Dario Sanchez.

## **Discussion**

**I.     Plaintiff's *ex parte* motion for appointment of counsel.**

Plaintiff moves on an *ex parte* basis for appointment of counsel. (ECF No. 24). She does not explain why she filed her motion on an *ex parte* basis as required by Local Rule IA 7-2(b). So, the Court will change the designation of her motion from *ex parte*. Additionally, since Plaintiff filed her motion, she has retained counsel. (ECF No. 32). So, the Court denies her motion for appointment of counsel as moot.

**II.     Plaintiff's motion for leave to file an amended complaint.**

Before Plaintiff retained counsel, she moved *pro se* to amend her complaint to add certain defendants, add a "case summary," identify certain defendants, add certain claims, and attach affidavits from other inmates. (ECF No. 25-1). Certain of Plaintiff's amendments are

supplemental claims regarding facts that occurred after Plaintiff filed her complaint. Otherwise, Plaintiff's amended complaint mirrors her original complaint, with Plaintiff adding her amendments on additional pages or by adding handwritten notations on her typed original complaint. Plaintiff sues the Nevada Department of Corrections ("NDOC"); Florence McClure Women's Correctional Center ("FMWCC"); the State of Nevada; Governor Joseph Lombardo; NDOC Director James Dzurenda; Inspector General Castalango; Associate Warden Monique Hubbard-Pickett; Warden William Reubart; Associate Warden Jennifer Nash; Associate Warden Gabriela Najera; Lieutenant Dario Sanchez; Lieutenant Celeste Kinane Wells; Sergeant Cassandra Poling; Sergeant Rodney Jefferson; Mailroom Corrections Officer Luis Solis; Corrections Officer T. Witherall; Corrections Officer Renee Gardner; Corrections Officer Lenora Clinkscales; Corrections Officer Gordon Gates; Library Clerk AAII Romero; and Nurse Bridge.

Defendants oppose Plaintiff's motion, arguing that the proposed amendments are futile. (ECF No. 27). Defendants also oppose Plaintiff's attempts to supplement her claims because she did not specifically request leave to supplement. Defendants also assert that "this Court remains obligated under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(a), and 42 U.S.C. § 1997e(c) to screen [Plaintiff's] proposed amended complaint…" (*Id.* at 4).

The Court grants in part and denies in part Plaintiff's motion to amend. The Court finds that certain of Plaintiff's proposed amendments are futile, but others are not. The Court also finds that Plaintiff has properly sought to supplement certain of her claims. Finally, because in order to conduct a futility analysis, the Court must employ Federal Rule of Civil Procedure 12(b)(6)—the same rule it applies when screening complaints—the Court effectively screens Plaintiff's proposed amended complaint. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (explaining that the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)") (overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (explaining that "[f]ailure to

state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").[1]

### A. Legal standard.

Under Rule 15 of the Federal Rules of Civil Procedure, once a party has amended its pleadings as a matter of course, subsequent amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC*, 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Federal Rule of Civil Procedure 15(d) allows for a party to supplement his pleading "[o]n motion and reasonable notice" to set forth "any transaction, occurrence, or event that happened

---

[1] Because the Court effectively screens Plaintiff's complaint when conducting its futility analysis, the Court does not reach Defendants' argument that the Court is "obligated" to screen Plaintiff's complaint. Moreover, Plaintiff is not proceeding without paying the filing fee under 28 U.S.C. § 1915. (ECF No. 1-1) (Receipt). So, Defendants' arguments that 28 U.S.C. §§ 1915(a) and 1915(e)(2) mandate screening are misplaced.

after the date of the pleading to be supplemented." A supplemental pleading "cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir.1997) (citation omitted). The court may deny a motion to supplement when the supplemental pleading could be the subject of a separate action. *See id.* The court also may consider whether permitting the supplemental pleading will promote judicial efficiency. *See id.*

The standard for determining futility of motions to amend under Federal Rule of Civil Procedure 15(a) and motions to supplement under Federal Rule of Civil Procedure 15(d), is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *See Miller*, 845 F.2d at 214; *see Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) (explaining that the "legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for granting or denying a motion under Rule 15(a)") (quoting *Athena Feminine Techs., Inc. v. Wilkes*, No. C 10-4868 SBA, 2013 WL 450147, at *2 (N.D. Cal. Feb. 6, 2013)). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted."). An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller*, 845 F.2d at 214.

**B.    Doe Defendants.**

Plaintiff asserts that she is amending her complaint to identify Doe Defendants. (ECF No. 25 at 1). However, she only identifies one Defendant that she previously identified as a Doe, explaining that "Doe Law Library Clerk" is "AAII Romero." (*Id.*). The Court previously allowed Plaintiff's First Amendment retaliation claim to proceed against Doe Law Library Clerk

when Plaintiff learned the clerk's identity. (ECF No. 15 at 15). So, Plaintiff's proposed amendment naming this Defendant is not futile.

On the other hand, Plaintiff asserts that she is naming "Lt. Celeste Wells as Celeste Kinlan Wells," "Hubbard-Pickett as Monique Hubbard-Pickett," and "Lt. Sanchez as Lt. Dario Sanchez," (ECF No. 25 at 1). But Plaintiff did not previously name these Defendants as Does. And the Attorney General's Office has not indicated any difficulty identifying these Defendants. So, the Court finds that Plaintiff's proposed amendment providing more detailed names for these Defendants is redundant and thus, futile.

### C. State law claims.

Plaintiff asserts that she is amending her complaint to show "jurisdiction as diverse 28 USC 1367 to include state law tort claims." (*Id.*). 28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, Plaintiff does not explain why the Court should exercise supplemental jurisdiction under 28 U.S.C. § 1367 over her state law claims, especially because the Court already dismissed those claims (ECF No. 15 at 13-14) and because Plaintiff has not made any changes to her proposed amended complaint that would state a colorable state law claim. And because Plaintiff has not amended her complaint to state a colorable state law claim, her amendment requesting the Court to exercise supplemental jurisdiction over those claims is futile.

### D. Dzurenda, Jefferson, and Clinkscales.

Plaintiff asserts that she is amending her complaint to add certain Defendants from her original complaint, specifically, Dzurenda, Jefferson, and Clinkscales. (ECF No. 25 at 1). The Court previously dismissed Plaintiff's claims against Dzurenda and Clinkscales without prejudice because Plaintiff only mentioned them in the caption and did not otherwise provide sufficient allegations to support a colorable claim against them. (ECF No. 15 at 14). The Court also previously allowed Plaintiff's First Amendment retaliation claim to proceed against Jefferson for

filing false notice of charges against Plaintiff because Plaintiff had filed reports about the prison chaplain. (ECF No. 15 at 10).

### 1. Claims against Dzurenda

Plaintiff's proposed amended complaint alleges that Dzurenda ignored grievances that she filed about Gates' assaultive behavior. (ECF No. 25-1 at 8). Plaintiff also alleges that, between January 2024 and the present, Dzurenda and other Defendants "have participated in over (50) incidents that ha[ve] led to unlawful[ ] imprisonments of Plaintiff…Director Dzurenda has been advised and done nothing." (ECF No. 25-1 at 10).

The Court previously allowed Plaintiff's Eighth Amendment sexual assault claim to proceed against Defendants who Plaintiff alleged knew of Gates' behavior and failed to stop it. So, the Court does not find Plaintiff's amended claim that Dzurenda ignored her grievances about Gates' behavior to be futile. On the other hand, Plaintiff's allegation that Dzurenda and other Defendants have participated in fifty incidents between January 2024 and the present is too conclusory to state a claim upon which relief can be granted. Indeed, given the vague date range, it is unclear if Plaintiff is amending her complaint or seeking to supplement her claims. But in any event, the proposed amendment and/or supplement is futile.

### 2. Claims against Clinkscales.

Plaintiff's proposed amendment alleges that, between January 2024 and the present, Clinkscales has denied Plaintiff meals and coerced a fellow inmate to file a false Prison Rape Elimination Act ("PREA") complaint against Plaintiff. (ECF No. 25-1 at 15). Plaintiff does not allege when Clinkscales took these actions, but liberally construing Plaintiff's complaint, these actions appear related to Plaintiff's original claims that the Defendants retaliated against her because of her complaints against the prison chaplain.

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the

Constitution quite apart from any underlying misconduct they are designed to shield." *Id*. To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id*. at 567–68. Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id*. at 568–69. A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm that is more than minimal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

Here, Plaintiff's proposed amended complaint alleging a First Amendment retaliation claim against Clinkscales is not futile. Plaintiff alleges that Clinkscales refused to feed her and coerced an inmate to file a fake PREA complaint against Plaintiff because of Plaintiff's complaints against the prison chaplain. These actions could arguably chill an inmate of ordinary firmness from future First Amendment activities and does not appear to have a legitimate correctional goal. So, Plaintiff alleges a colorable First Amendment retaliation claim against Clinkscales.

### 3. Claims against Jefferson.

Plaintiff's proposed amendment alleges that Jefferson has "continued the same conduct" without specifying which conduct he has continued. (ECF No. 25-1 at 11). Plaintiff also alleges that, at some unspecified time, Jefferson sanctioned her resulting in the loss of canteen privileges and yard privileges. (*Id*. at 15). These allegations are not sufficient to state a colorable amended or supplemental claim because Plaintiff does not provide sufficient facts about what conduct Jefferson continued or about when Jefferson sanctioned her or why. So, while Plaintiff's re-asserted original claim for First Amendment retaliation against Jefferson is not futile, her amended claims that differ from her original complaint do not allege a colorable claim and are thus futile.

### E. Case summary.

Plaintiff includes a "case summary" at the beginning of her amended complaint. (ECF No. 25-1 at 3-7). In it, she does not allege any facts (with the exception of one fact, outlined below) but outlines the legal standards for doctrines and claims like qualified immunity, inalienable rights, equal rights, conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985, deliberate indifference, negligent infliction of emotional distress, and intentional infliction of emotional distress. (*Id.*). However, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because Plaintiff does not support these legal conclusions with factual allegations, her "case summary" fails to state a claim upon which relief can be granted and is a futile amendment.

The one fact Plaintiff does provide in this section also fails to state a claim upon which relief can be granted. Plaintiff appears to allege that Nash violated the "Tom Bane Civil Rights Act 52 § 1" by alleging that Nash said, "we are the only female prison in Nevada we have no laws: we can do what the fuck we want to do here." (ECF No. 25-1 at 4). The Tom Bane Civil Rights Act is a portion of the California Code which prohibits a person from interfering by threat, intimidation, or coercion with the exercise or enjoyment of another person's rights under either the United States Constitution or the California Constitution. *See* Cal. Civ. Code 52.1(b). However, Plaintiff has provided no reason why this California law would apply in this case. She also provides no facts about when Nash made this statement, to whom, or in what context. So, Plaintiff's proposed amendment of this fact fails to state a claim upon which relief can be granted and would be futile.

### F. Claims against NDOC, FWCC, the State of Nevada, and Governor Lombardo.

In screening Plaintiff's original complaint, the Court dismissed Plaintiff's claims against NDOC and FMWCC with prejudice. (ECF No. 15 at 3, 15). So, Plaintiff's claims against these Defendants, raised again in her proposed amendment, are futile. Additionally, in screening Plaintiff's original complaint, the Court explained that "[g]enerally, the State of Nevada and arms of the state cannot be sued in federal court." (ECF No. 15 at 14) (citing *O'Connor v. State of*

*Nev.*, 686 F.2d 749, 750 (9th Cir. 1982)). And Plaintiff has not provided any amended claims against the State of Nevada or explained why those claims are not barred by the Eleventh Amendment. So, the Court finds that Plaintiff's proposed amended claims against the State of Nevada would be futile. Finally, Plaintiff names Governor Joseph Lombardo as a defendant in his "individual and/or official capacity." (ECF No. 25 at 2). However, Plaintiff does not allege any facts in the body of her complaint about what actions Governor Lombardo took or did not take. Additionally, Governor Lombardo in his official capacity is entitled to Eleventh Amendment immunity because Plaintiff does not sue him for injunctive or declaratory relief, but for damages. *See Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013). So, Plaintiff's proposed amendment asserting claims against Governor Lombardo would be futile.

### G.     *Eighth Amendment sexual assault claim.*

The Court previously allowed Plaintiff's Eighth Amendment sexual assault claim to proceed against Gates for repeatedly inappropriately touching her and against Sanchez, Wells, Nash, Najera, Hubbard-Pickett, and Castalango for knowing about Gates' conduct and failing to stop it. (ECF No. 15 at 6). Plaintiff's amended complaint reasserts these claims. And so, in that regard, it is not futile. Additionally, as outlined above, Plaintiff has amended her complaint to add that Dzurenda knew about Gates' behavior and failed to stop it and so, her newly amended Eight Amendment sexual assault claim against Dzurenda is not futile.

However, the other change that Plaintiff makes to her Eighth Amendment sexual assault claim is that, from January 2024 until the present, "all defendants" have continued to fail to intervene to stop Gates' conduct. (ECF No. 25-1 at 13). Plaintiff also added the words, "continuing wrongs." (*Id.* at 14). This amendment is more appropriately characterized as a supplement. *See* Fed. R. Civ. P. 15(d). However, regardless of how it is characterized, it does not state a claim upon which relief can be granted because Plaintiff does not identify which defendants have continued in their failure to stop Gates' conduct, whether any new defendants are responsible for this failure, or any facts surrounding these newly alleged failures. So, this amendment is futile.

### H. Eighth Amendment excessive force claim.

The Court previously allowed Plaintiff's Eighth Amendment excessive force claim to proceed against Gates for grabbing Plaintiff's wrist while cuffing her after her shower, breaking her wrist, and pulling her so hard that her head slammed into shower hooks on the wall. Plaintiff does not make any changes to this claim. So, her proposed amended complaint reasserting it is not futile.

### I. Fourteenth Amendment solitary confinement claim.

The Court previously allowed Plaintiff's Fourteenth Amendment solitary confinement claim to proceed against Doe Prison Defendants, when Plaintiff learns their identities, because Plaintiff did not identify which Defendants sent her to solitary confinement. Plaintiff previously alleged that she was in solitary confinement for six months and then an additional three years. Plaintiff does not amend this claim to explain who placed her in solitary confinement for that time. But, because her amended complaint reasserts these claims against these Doe Defendants, her amendment is not futile.

However, Plaintiff's amendment also supplements her complaint to allege facts occurring after she filed her complaint. Plaintiff's supplemental allegations assert that on November 5, 2024, Najera, Solis, Poling, Reubart, and Nash placed Plaintiff in solitary confinement, claiming that Plaintiff's legal mail contained drugs and telling Plaintiff to drop her civil action to get out of solitary. (ECF No. 25-1 at 11). Plaintiff claims that the "drugs" were a false reason because really, Poling had been removing mail from the facility and lacing it with intoxicants. (ECF No. 25-1 at 15-17). Plaintiff claims that Solis, Gates, and Witherall took her to solitary.[2] (*Id.*). And the next day, Solis, Najera, Hubbard-Pickett, Warden Reubart, and Poling threatened other inmates in an attempt to get the inmates to say that Plaintiff had bullied them "to get drugs in their

---

[2] Plaintiff also lists someone named "Freeman" as taking her to solitary. (ECF No. 25-1 at 15-17). But Plaintiff does not otherwise name or identify this person as a defendant. Because Plaintiff does not allege any other claims against this person other than that they took her to solitary, her amendment adding this individual would be futile.

names." (*Id.*). Plaintiff also alleges that Najera, Reubart, and Nash altered or rejected Plaintiff's disciplinary appeals in an effort to keep her locked up. (*Id.*).

Liberally construing Plaintiff's amended complaint, although Plaintiff alleges actions that took place after she filed her complaint, those actions appear related to and arising out of Plaintiff's original allegations. And so, even though Plaintiff is supplementing, rather than amending her complaint, considering these claims together would promote judicial efficiency. Plaintiff also alleges a colorable claim, so this amendment is not futile.

To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Sandin v. Conner*, 515 U.S. 472, 478 (1995). The Supreme Court has held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. Punishing an inmate by assigning her to solitary confinement may constitute an atypical and significant hardship, depending on the conditions of that confinement. For example, the Ninth Circuit held that a "twenty-seven month confinement in the [intensive management unit] imposed an atypical and significant hardship under any plausible baseline" because, in addition to subjecting the inmate to standard solitary confinement conditions, it also imposed on the inmate "a fixed and irreducible period of confinement" that far exceeded "the limited period of confinement with periodic review afforded [to] inmates in the other segregated housing units." *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 988 (9th Cir. 2014).

Here, Plaintiff has alleges a colorable solitary confinement due process claim. She has alleged that she had a protected liberty interest in remaining in general population because she had not done anything that would warrant her removal to solitary confinement. She alleges that Najera, Solis, Poling, Reubart, Nash, Gates, Witherall, and Hubbard-Pickett worked together to fabricate a reason for sending Plaintiff to solitary confinement and then fabricated reasons for keeping her there, thereby depriving Plaintiff of her liberty interest without due process. So, Plaintiff's proposed amendment is not futile.

### J. Conspiracy to violate Constitutional rights claim.

The Court previously dismissed Plaintiff's claim for conspiracy to violate Constitutional rights because she only provided conclusory allegations that all the defendants had a meeting of the minds to interfere with her rights. (ECF No. 15 at 9). Her proposed amended complaint does not cure this deficiency. So, Plaintiff's proposed amendment of this claim would be futile.

### K. First Amendment retaliation claim.

The Court previously allowed Plaintiff's First Amendment retaliation claim to proceed against defendants Sanchez, Wells, Jefferson, Najera, Nash, Hubbard-Pickett, and Reubart because they filed false notice of charges against Plaintiff due to her complaint against the prison chaplain. (ECF No. 15 at 10). As outlined above, the Court also allowed this claim to proceed against Doe Library Clerk when Plaintiff learned their identity. (*Id.*). So, Plaintiff's amendment re-asserting this claim against these defendants and correcting the identity of Doe Library Clerk to AAII Romero is not futile.

Additionally, as outlined above, Plaintiff has alleged that Clinkscales retaliated against her for filing complaints by denying her meals. (ECF No. 25-1 at 15). And the Court found that this amendment is not futile. Plaintiff also amends her complaint to allege that Gardner denied her meals and aided in coercing another inmate to file a PREA complaint against Plaintiff. (*Id.*). For the same reasons that Plaintiff's amended allegations against Clinkscales was not futile, Plaintiff's amended allegations against Gardner are also not futile.

However, Plaintiff's amended claims that Poling, Solis, Najera, Gates, Reubart, Nash, and Witherall "conspired to retaliate and hinder [Plaintiff] at her Nov. 8, early mediation conference" are futile. (CF No. 25-1 at 17). Because the actions she complains about occurred after she filed her complaint, Plaintiff's amendment is really a supplement. However, regardless of how the Court characterizes it, Plaintiff's proposed amendment is futile. Plaintiff does not provide any facts about what these Defendants did at the November 8th conference to hinder it or how those actions were taken in retaliation for her protected speech. So, the Court finds that this amendment would be futile.

### L. Eighth Amendment deliberate indifference claim.

The Court previously allowed Plaintiff's deliberate indifference claim to proceed against Bridge because Bridge did not provide care for Plaintiff after she lost consciousness and suffered several "mini strokes." (ECF No. 15 at 11). Plaintiff's proposed amendment re-alleges this claim against Bridge and so, is not futile. However, the Court dismissed this claim without prejudice as alleged against Dzurenda. (*Id.*). Plaintiff's proposed amendment does not amend this claim other than to allege that Dzurenda ignored Plaintiff's grievances. (ECF No. 25-1 at 8). As outlined above, this amendment is futile because it does not provide sufficient facts to state a colorable claim against Dzurenda.

### M. Failure to supervise and train claim.

The Court previously dismissed Plaintiff's supervisory liability claim without prejudice because she only stated in conclusory fashion that all the named defendants violated her constitutional rights when they failed to do training on how to report allegations of sexual assault. (ECF No. 15 at 12). Plaintiff's proposed amended complaint does not cure this deficiency. So, this amended claim would be futile.

### N. Fourteenth Amendment denial of access to the courts claim.

The Court previously dismissed Plaintiff's denial-of-access-to-the-courts claim without prejudice because Plaintiff had not alleged that court dates that Gates caused her to miss caused her an actual injury. (ECF No. 15 at 13). Plaintiff's proposed amended complaint does not cure this deficiency. So, this amended claim would be futile.

### O. First Amendment mail claim.

The Court previously allowed Plaintiff's First Amendment mail claim to proceed against Gates because Plaintiff alleged that Gates blocked her mail for three months. (ECF No. 15 at 13). Plaintiff's amended complaint re-alleges this claim against Gates and is not futile. Plaintiff's amended complaint alleges that Poling removed her legal mail from the facility and laced it with intoxicants. (ECF No. 25-1 at 15-17). Prisoners have a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Plaintiff has alleged a colorable claim that Poling interfered with her mail. And because, liberally construing Plaintiff's

complaint, it appears that this claim is related to Plaintiff's prior claims regarding prison officials' retaliation against her for her complaints, the Court finds that to the extent Plaintiff raises this claim as a supplement, it would not be futile.

### P.   State law claims.

The Court previously dismissed Plaintiff's state law tort claims for IIED and negligence because the State of Nevada has not waived its immunity from suit conferred by the Eleventh Amendment in federal court. (ECF No. 15 at 13-14). As outlined above, Plaintiff has not alleged any amended or supplemental facts related to her state law tort claims. So, the Court finds that Plaintiff's proposed amendment would be futile.

Ultimately, the Court grants in part and denies in part Plaintiff's motion to amend her complaint. Plaintiff's motion to amend is granted as to the following claims, summarized below and as outlined in more detail herein:

- Eighth Amendment sexual assault against Gates, Sanchez, Wells, Nash, Najera, Hubbard-Pickett, Castalango, and Dzurenda.
- Eighth Amendment excessive force against Gates.
- Fourteenth Amendment solitary confinement against Doe Prison Defendants, Najera, Solis, Poling, Reubart, Nash, Gates, Witherall, and Hubbard-Pickett.
- First Amendment retaliation against Sanchez, Wells, Jefferson, Najera, Nash, Hubbard-Pickett, Reubart, AAII Romero, Clinkscales, and Gardner.
- Eighth Amendment deliberate indifference against Bridge.
- First Amendment mail claim against Gates and Poling.

Because the Court grants in part and denies in part the motion to amend, it will require Plaintiff to file a clean version of her amended complaint removing all futile facts, claims, and parties. Plaintiff may not seek to re-allege any dismissed claims or allegations the Court has deemed futile in her clean complaint. If Plaintiff seeks to do so, she must file a motion to amend her complaint.

### III. Plaintiff's motion to extend time.

Plaintiff moves to extend time to serve Sanchez. (ECF No. 33). Plaintiff explains that, while she was proceeding *pro se*, she was not provided access to the last known address of Sanchez after the Attorney General's Office declined to accept service on Sanchez's behalf. Now that she has an attorney, she has obtained Sanchez's address and is prepared to serve him. Defendants do not oppose the motion to extend time. (ECF No. 36).

Under Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Plaintiff has shown good cause for not serving Sanchez within the ninety-day timeframe. And Defendants do not oppose the motion. So, the Court grants Plaintiff's motion and will extend the time to serve Sanchez to sixty days after the date of this order.

**IT IS THEREFORE ORDERED** that Plaintiff's *ex parte* motion for appointment of counsel (ECF No. 24) is **denied as moot.** The Clerk of Court is kindly directed to change the designation of ECF No. 24 so that it is no longer *ex parte*.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 25) is **granted in part and denied in part** as outlined herein. Plaintiff must file a clean amended complaint removing the futile facts, allegations, and claims on or before **April 14, 2025.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend time (ECF No. 33) is **granted.** Plaintiff shall have until **May 12, 2025**, to serve Dario Sanchez.

DATED: March 13, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE